IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARK C. JACKSON,**

    **Plaintiff,**

**vs.**                                            **CASE NO. 1:04CV97-MMP/AK**

**DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
et al,**

    **Defendants.**

                                              /

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action under 42 U.S.C. §1983 and 1985, as well as state statutes, alleging that his due process rights were violated because he was not allowed to have a hearing or jury trial prior to the suspension of his driving license. (Doc. 8). Plaintiff paid the filing fee and served the Defendants Department of Highway Safety and Motor Vehicles, Judges Hamrick, Marshall, and Sanders, and the Volusia County Sheriff and Volusia County Sheriff's Department. These Defendants have moved to dismiss for failure to state a claim upon which relief can be granted and as to the judges, on grounds of absolute immunity. (Docs. 19 and 23). Plaintiff has

responded to the motion filed by the Department of Highway Safety and the judges to state "I am a Citizen of Florida so the Eleventh Amendment does not apply. The Defendants waived their right to immunity by violating my Constitutional Rights." (Doc. 22). Although Plaintiff has insisted that he needs discovery to adequately respond to the pending motions, the motions to dismiss are based on purely legal issues and the sufficiency of the complaint, and the Court decided that discovery was therefore unnecessary to a determination of these issues.[1] (See Order dated April 14, 2005). The Court granted Plaintiff additional time to respond to the pending motions through April 28, 2005 (doc. 50), but Plaintiff instead filed a paper with the Clerk's Office to have summons issued on a second amended complaint he has not been granted leave to file. (Doc. 51). Plaintiff also moved to have the Daytona Beach Police Department (a defendant named in the proposed second amended complaint he has not been granted leave to file) pay for service. (Doc. 52). These motions have been denied by separate order. Plaintiff has filed no other response.

Plaintiff also named as defendants T. N. Prakash, Volusia County Court, and Bradford County Court, but none of these defendants were served. Since Plaintiff paid the filing fee, it was his responsibility to serve the defendants within 120 days, as provided in Rule 4(m), Federal Rules of Civil Procedure. The amended complaint (doc. 8) was filed on October 19, 2004, and Plaintiff has failed to serve the above named

---

[1] Plaintiff was given the opportunity to move for specific discovery, but he did not follow the directives set forth in the Order (doc. 32) and was unable to articulate or attach to his motion the precise discovery he wished to serve. The Court later granted him leave to serve whatever discovery he wanted so long as he adhered to the Federal Rules of Civil Procedure (doc. 41), but Plaintiff did not follow the rules either. (See Doc. 47).

**No. 1:04cv97-mmp/ak**

defendants within 120 days nor has he sought an extension of time to serve them. Thus, as to defendants T. N. Prakash, Volusia County Court, and Bradford County Court, they should be dismissed pursuant to Rule 4(m), Federal Rules of Civil Procedure.

The law is clear that Plaintiff has stated no constitutional or federal law claim over which this Court would have jurisdiction under 28 U.S.C. §1331.  It has also been specifically held in Florida that there is no right to a drivers' license, it is a privilege only that can be strictly regulated by the state, and therefore no due process rights attach since driving is not a protected liberty interest.  State v. Hoch, 500 So.2d 597 (Fla. 3 DCA 1986).  As Plaintiff was previously advised, the Department is not a person within the meaning of section 1983 and is therefore not a properly named defendant.  See Cheramie v. Tucker, 493 F.2d 586, 588 (5th Cir. 1974) (citing relevant Supreme Court law).  Neither are the Volusia County Sheriff (unnamed) and the Volusia County Sheriff's Department.  See Pierre v. Schlemmer, 932 F.Supp. 278 (M.D. Fla. 1996); Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989).

Further, judges Hamrick, Marshall and Sanders are absolutely immune from suit, including discovery.  If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983."  Simmons v. Conger, 86 F.3d

**No. 1:04cv97-mmp/ak**

1080, 1084 (11th Cir. 1996), *citing* <u>Stump</u>, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  <u>Simmons</u>, 86 F.3d at 1084-1085, *quoting* <u>Stump</u>, 435 U.S. at 362, 98 S. Ct. at 1107.  Immunity would only exist if the judge dealt with the plaintiff in a judicial capacity.  86 F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107.  In this case, it is clear that the Defendants were all acting in their judicial capacity in making decisions related to Plaintiff's drivers' license, and had jurisdiction under the second element of the test to decide these issues as county and circuit court judges.  Thus, these defendants are clearly entitled to absolute immunity.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions (docs. 19 and 23) be **GRANTED**, and that Plaintiff's amended complaint (doc. 8) be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  It is also **RECOMMENDED** that defendants T. N. Prakash, Volusia County Court, and Bradford County Court, be **DISMISSED** pursuant to Rule 4(m), Federal Rules of Civil Procedure.

**IN CHAMBERS** at Gainesville, Florida, this __3rd__ day of May, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv97-mmp/ak**